IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ALFRED F. HOOD, | No. 2:12-CV-2617-CMK-P |
| Plaintiff, | |
| vs. | ORDER |
| CITRUS HEIGHTS POLICE DEPARTMENT, | |
| Defendant. | |
| _____/ | |

   Plaintiff, a prisoner proceeding pro se, brings this civil rights action pursuant to 42 U.S.C. § 1983. Pending before the court is plaintiff's amended complaint (Doc. 8).

   In its prior order, the court advised plaintiff of two defects with his original complaint as follows: (1) to the extent plaintiff seeks to impose liability on the Citrus Heights Police Department, a municipal entity, plaintiff has not stated sufficient facts to establish such liability; and (2) to the extent plaintiff seeks to impose liability on an individual police officer, plaintiff has not named that officer. In the "amended complaint," which is not filed on the court's standard form as the original complaint was, but consists of a single hand-written page, plaintiff states:

1          This is my amended complaint for the incident that took place on 9-02-11 late evening in Citrus Height as San Juan Mercy Hospital. Officer Christopher Boyd is responsible for the excessive force on me. Taser in the eye, the face, and my upper body until unconscious. There was not and [sic] arrest report because there was no crime committed. 9-04-11 went to U.C. Davis Medical emergency. . . and they determined I had been tasered pacifically [sic] in the eye by police. Also family member witness the excessive force on 9-02-11, name Joyce Sherman.

           While plaintiff now clearly states that he believes Officer Boyd used excessive force on him on September 2, 2011, the only request for relief on file is found in the original complaint in which plaintiff seeks monetary damages from the Citrus Heights Police Department. Plaintiff has not alleged any additional facts sufficient to plead a claim based on municipal liability. To the extent plaintiff seeks relief solely against Officer Boyd, plaintiff will be provided one final opportunity to file a complete amended complaint containing his allegations against Officer Boyd and a request for relief against him. To the extent plaintiff desires to hold the Citrus Heights Police Department accountable for the conduct of Officer Boyd, plaintiff is referred to the court's prior order outlining the elements necessary to plead a claim based on municipal liability.

           Plaintiff is again cautioned that failure to comply with this order may result in dismissal of the action. See Local Rule 110.

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

Accordingly, IT IS HEREBY ORDERED that:

1. Plaintiff's first amended complaint (Doc. 8) is dismissed with leave to amend;

2. Plaintiff shall file a second amended complaint within 30 days of the date of this order; and

3. The Clerk of the Court is directed to forward to plaintiff the court's form for a civil rights complaint by a state prisoner.

DATED: June 26, 2014

_____
**CRAIG M. KELLISON**
UNITED STATES MAGISTRATE JUDGE