IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ALFRED F. HOOD, | No. 2:12-CV-2617-CMK |
| Plaintiff, | |
| vs. | ORDER |
| CITRUS HEIGHTS POLICE DEPARTMENT, | |
| Defendant. | |
| _____/ | |

Plaintiff, a prisoner proceeding pro se, brings this civil rights action pursuant to 42 U.S.C. § 1983. Plaintiff has consented to Magistrate Judge jurisdiction pursuant to 28 U.S.C. § 636(c) and no other party has been served or appeared in the action.

On January 23, 2013, the court dismissed plaintiff's original complaint and directed plaintiff to file a first amended complaint within 30 days. Plaintiff filed his first amended complaint as directed and, on June 26, 2014, the court dismissed the first amended complaint with leave to amend. The court stated:

> In its prior order, the court advised plaintiff of two defects with his original complaint as follows: (1) to the extent plaintiff seeks to impose liability on the Citrus Heights Police Department, a municipal

entity, plaintiff has not stated sufficient facts to establish such liability; and (2) to the extent plaintiff seeks to impose liability on an individual police officer, plaintiff has not named that officer.  In the "amended complaint," which is not filed on the court's standard form as the original complaint was, but consists of a single hand-written page,  plaintiff states:

> This is my amended complaint for the incident that took place on 9-02-11 late evening in Citrus Height as San Juan Mercy Hospital.  Officer Christopher Boyd is responsible for the excessive force on me.  Taser in the eye, the face, and my upper body until unconscious.  There was not and [sic] arrest report because there was no crime committed.  9-04-11 went to U.C. Davis Medical emergency. . . and they determined I had been tasered pacifically [sic] in the eye by police.  Also family  member witness the excessive force on 9-02-11, name Joyce Sherman.

> While plaintiff now clearly states that he believes Officer Boyd used excessive force on him on September 2, 2011, the only request for relief on file is found in the original complaint in which plaintiff seeks monetary damages from the Citrus Heights Police Department.  Plaintiff has not alleged any additional facts sufficient to plead a claim based on municipal liability.  To the extent plaintiff seeks relief solely against Officer Boyd, plaintiff will be provided one final opportunity to file a complete amended complaint containing his allegations against Officer Boyd and a request for relief against him.  To the extent plaintiff desires to hold the Citrus Heights Police Department accountable for the conduct of Officer Boyd, plaintiff is referred to the court's prior order outlining the elements necessary to plead a claim based on municipal liability.

After plaintiff failed to file a second amended complaint within the time provided in the June 26, 2014, order, the court directed plaintiff to show cause why this action should not be dismissed.  Plaintiff did not respond directly to the order to show cause but, rather, filed a document entitled: "Plaintiff's Second Request for Leave to Amend Complaint."  In this document, plaintiff states:

> Plaintiff Alfred F. Hood requests this court's permission for Leave to Amend His Complaint.  Plaintiff complains that Defendants Citrus Heights Police Department and its agents Does 1-10 violated Plaintiff's Constitutional Rights by subjecting Plaintiff to physical force and emotional trauma and damage in the course of carrying out their duties.
> Defendant Citrus Heights Police Department, and its Agents Does 1-10 on September 2, 2011, responded to the San Juan Mercy Hospital and engaged Plaintiff in the course of their duties.  At that time Defendant's used excessive force against the Plaintiff in order to detain him of which

| | |
|---|---|
| 1 | has caused irreparable damage and injury to the Plaintiff. |
| 2 | On September 2, 2011, Defendant Citrus Heights Police Department and Agents Does 1-10 exceeded the scope of their duties when attempting to detain the Plaintiff at the San Juan Mercy Hospital by |
| 3 | tasering him in the facial and head area.  Plaintiff was tasered in the right eye, and as a result Plaintiff's vision has been impaired – blind for the |
| 4 | remainder of his life. |
| 5 | Defendant's clearly have violated Plaintiff's Constitutional Rights while in the course of the duties as members of the Citrus Heights Police Department does not make then immune from prosecution of this claim |
| 6 | and the relief Plaintiff seeks.  The excessive force exhibited on that day by the Defendants was not necessary and as a result and consequence the |
| 7 | Plaintiff seeks to recover compensation in the amount of ten ($10,000,000,000) of US Currency for the damages caused by the |
| 8 | Defendants. |

To the extent plaintiff seeks leave to file a second amended complaint, leave is not necessary given that the court has already directed plaintiff to do so.  To the extent plaintiff intends this document to serve as his second amended complaint it is deficient in that it is not captioned as such.  It is also deficient in that the document contains the same defects identified in the court's January 23, 2013, order addressing plaintiff's original complaint.  Specifically, while he names a municipal entity as a defendant, he has not alleged facts showing any of the elements necessary to establish municipal liability.  Further, to the extent plaintiff seeks to impose liability on a particular officer, plaintiff has not named that officer (despite having done so in the first amended complaint).  It is thus apparent that plaintiff is either unable or unwilling to file a second amended complaint in compliance with the court's prior orders.

The court must weigh five factors before imposing the harsh sanction of dismissal.  See Bautista v. Los Angeles County, 216 F.3d 837, 841 (9th Cir. 2000); Malone v. U.S. Postal Service, 833 F.2d 128, 130 (9th Cir. 1987).  Those factors are:  (1) the public's interest in expeditious resolution of litigation; (2) the court's need to manage its own docket; (3) the risk of prejudice to opposing parties; (4) the public policy favoring disposition of cases on their merits; and (5) the availability of less drastic sanctions.  See id.; see also Ghazali v. Moran, 46 F.3d 52, 53 (9th Cir. 1995) (per curiam).  A warning that the action may be dismissed as an appropriate sanction is considered a less drastic alternative sufficient to satisfy the last factor.

1  See Malone, 833 F.2d at 132-33 & n.1.  The sanction of dismissal for lack of prosecution is
2  appropriate where there has been unreasonable delay.  See Henderson v. Duncan, 779 F.2d 1421,
3  1423 (9th Cir. 1986).  Dismissal has also been held to be an appropriate sanction for failure to
4  comply with an order to file an amended complaint.  See Ferdik v. Bonzelet, 963 F.2d 1258,
5  1260-61 (9th Cir. 1992).

In this case, having considered the factors cited above, and given plaintiff's failure to prosecute this case by filing an amended complaint in compliance with the court's prior orders, the court finds that dismissal of this action is appropriate.

Accordingly, IT IS HEREBY ORDERED that:

1. This action is dismissed, without prejudice, for plaintiff's failure to comply with court rules and orders;

2. All pending motions are denied as moot; and

3. The Clerk of the Court is directed to enter judgment and close this file.

DATED:  October 10, 2014

_____
**CRAIG M. KELLISON**
UNITED STATES MAGISTRATE JUDGE